[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that: (1) on May 8, 1996 he received a Class A disciplinary ticket for fighting, a fight which he did not provoke and, on the contrary, was engaged in self-defense; and (2) that the hearing on that matter held May 10, 1996 before Hearing Officer Lt. Negron was not fair in that his Advocate Ms. Manacchio did not produce his witnesses, Joseph Bergeron and Stephen Staffy, the video tape which would show the conduct of the event, and she was not available to him until the hearing. Although the finding of guilty did not result in the loss of good time, he was sanctioned by 15 days of punitive segregation, fifteen days of confinement to quarters and thirty days loss of commissary privileges and, most of all, resulted in losing consideration for extended family visiting with his wife and kids. He does not claim the loss of a liberty interest or loss of CT Page 10872 good time.
The petitioner testified that on the day of the incident he was standing in the show line with inmate Kaminski in front of him and Joseph Bergeron behind him, talking to Stephen Staffy. The petitioner further testified that he apparently bumped Kaminski who then swung at the petitioner hitting him in the jaw and then the petitioner held him against the rail while Kaminski struggled to strike the petitioner again at which point the petitioner threw him on the floor. He submitted the affidavits signed by Joseph Bergeron and Steven Staffy and a statement given by Stephen Staffy to Capt. Viera as exhibits. He further testified that at that moment of the confrontation Lt. Horton arrived with two other officers and placed both Kaminski and himself in restrictive housing units.
Ms. Needjoiji, records keeper for D.O.C., produced the records from the Petitioner's file concerning the event. On that record the hearing officer, from the statements given by the petitioner and his witnesses and the consideration of the claim of the petitioner that he acted in self-defense, felt justified in making a finding that the petitioner was engaged in fighting at a sensitive time and place. Due process does not require providing attorneys or advocates for hearings in a prison setting even where liberty interest may exist nor does it require the court to set aside the decisions of prison administrators that have some basis in fact. Superintendent v. Hill, 472 U.S. 445,456. The fundamental basis of self-defense recognized fairly universally is that "a person is justified in using reasonable physical force upon another person to defend himself." Considering the time and place of the incident and the statement of the petitioner there is some basis for the hearing officer to find the force used exceeded that which was reasonable.
For the above reasons the petition is denied.
Corrigan Judge Trial Referee